## David Wiener v. Abraham Straus et al.

1. FRAUD—*Vendor and Vendee.*—If the purchaser from a fraudulent vendor buys with notice of the fraudulent intent of his vendor, he stands in his vendor's shoes, and notice may be inferred from the existence of certain facts and circumstances that would place a man of ordinary prudence on inquiry with reference to the conduct of his grantor.

Replevin.—Error to the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

GEORGE S. HOUSE, attorney for plaintiff in error.

P. SHUTTS, attorney for defendants in error.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The defendants in error, Abraham Straus and Victor Glaser, partners as Straus, Glaser & Co., wholesale clothing merchants in the city of Chicago, sold to Mrs. C. Lewis, trading under the name of C. Lewis & Co., doing a retail business in the city of Joilet, a bill of goods amounting to $310.75. Her husband, Jacob Lewis, had the management of her business. Hiram Livinsohn was traveling salesman for defendants in error, and had sold goods before that time to plaintiff in error through Jacob Lewis, the business agent. The negotiation concerning the bill of goods in question was carried on between Livinsohn and Jacob Lewis at Joliet, January 18, 1893, the goods sold at that time consisting mostly of children's and youth's clothing.

A part of the goods were shipped from Chicago consigned to C. Lewis & Co., on the tenth day of March, 1893, and the next day delivered at the store of C. Lewis & Co., at Joliet, by the truckman.

On the 14th of March, 1893, Mrs. Lewis, trading as C. Lewis & Co., sold all the goods in her store, including the goods received from the defendants in error, to David

Wiener, the plaintiff in error, and on the same day delivered to him the possession of the goods, and the plaintiff in error took actual possession of them, and removed them to the store occupied by him, No. 127 Jefferson street, where he was carrying on the business of retail clothing merchant.

On the evening of March 15, 1893, defendants in error, through their salesman, Livinsohn, ascertaining that the goods were in possession of the plaintiff in error, on the next day sued out a writ and replevied the goods and the goods were shipped back to Chicago to defendants in error.

Plaintiff in error pleaded *non-cepit*, *non-detinet*, and property in plaintiff in error.

The case was tried by jury, which rendered a verdict finding the right of property and of possession in defendants in error; motion for a new trial was overruled and judgment rendered against plaintiff in error for costs; from this judgment this appeal was taken.

The defendants in error, to sustain their cause of action, relied upon the claim that the transaction of bargain and sale between them was fraudulent in law, and that the shipment and delivery of the goods to C. Lewis & Co., in pursuance of date January 18, 1893, did not vest in Mrs. Lewis or C. Lewis & Co., the title and ownership of the goods.

There is only a question of fact in the case whether the goods were purchased in the first place, fraudulently, with the intention on the part of C. Lewis & Co. not to pay for them, and whether plaintiff in error was a *bona fide* purchaser of the goods from C. Lewis & Co.

Upon the question of fact presented to the jury by the evidence we have no doubt but that the jury were fully justified in returning a verdict for defendants in error.

Judging from the false and fraudulent representations of Jacob Lewis, the husband and business manager of his wife, C. Lewis, as to her financial ability, as testified to by Livinsohn, which the jury had a right to believe, we think the jury was fully justified in its verdict. The plaintiff in error, as the evidence tended to show, was the brother of Mrs. Lewis, and purchased the goods of her with fraudulent in-

112    APPELLATE COURTS OF ILLINOIS.

VOL. 66.]    City of Kankakee v. Trustees Ill. Eastern Hospital.

tent to cover them from her creditors and with knowledge of her fraudulent intent.

There was no question of law in the case. It would have been error for the court, as requested by the plaintiff in error, to have instructed the jury to find in his favor on the evidence, and therefore there was no error in refusing it. It is unnecessary to review the evidence in the case. The judgment of the court below is therefore affirmed.